[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10231
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00575-WS-N

INSURANCE COMPANY OF THE WEST,

Plaintiff-Appellee,

versus

OLLINGER CONSTRUCTION, INC.,

Defendant-Appellant,

TOM P. OLLINGER, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(August 14, 2013)

Before HULL, JORDAN, and HILL, Circuit Judges.

PER CURIAM:

This is an appeal from the grant of plaintiff-appellee's, Insurance Company of the West (ICW), motion for summary judgment against defendant-appellant, Ollinger Construction, Inc. (New Ollinger), in its complaint for exoneration of the surety in the amount of $225,231.52, under the terms of a General Indemnity Agreement (GIA), dated February 6, 2004.

The complaint alleges that ICW issued certain performance and payment bonds on New Ollinger's behalf. Subsequently, ICW received certain claims from subcontractors, laborers and materialmen under the payment bond. ICW alleges in the complaint that it settled and paid claims in excess of $150,000 under the payment bond. It seeks to recover that amount, plus attorneys' fees, interest, and costs, from New Ollinger.

ICW argues that New Ollinger is obliged to indemnify it under the terms of the GIA. New Ollinger denies liability on the basis that it was not a party to the GIA, and, that the GIA has been terminated.

The original GIA was executed in 2004 by ICW and a construction company named Ollinger/Mostellar & Associates, Inc. (Old Ollinger), in favor of ICW as surety. The signatories to the agreement were: Wayne B. Mostellar (President of Old Ollinger), Tom P. Ollinger (CEO and Secretary of Old Ollinger), and

2

individuals, Wayne B. Mostellar, Virginia M. Mostellar, Tom P. Ollinger, and Lucille Jackson Ollinger (also, collectively, Old Ollinger).

In the agreement, Old Ollinger agreed to "indemnify and keep indemnified [ICW] against any and all liability for losses and expenses of whatsoever kind or nature, including attorney fees and costs, by reason of having executed or procured the execution of Bonds, or by reason of the failure of [Old Ollinger] to perform or comply with the covenants and conditions of this Agreement."  Under the GIA, Old Ollinger agreed that they were not simply binding themselves, but that they were acting "for themselves and their heirs, executors, administrators, successors, and assigns."[1]

Two years later, in 2006, Tom Ollinger bought out his partner Wayne Mostellar's share of Old Ollinger, and changed the name of the company to Ollinger Construction, Inc. (New Ollinger).  One month later, Tom Ollinger sold the company to Alexander Allain, who retained its corporate name, Ollinger Construction, Inc.

---

[1] The agreement provided that ICW's "rights and remedies . . . under this Agreement may not be waived or modified except by written amendment signed by" ICW.  The district court found New Ollinger's argument that it had been orally reassured by ICW agents that it would be treated as a new start-up entity was meritless, as there was never a written amendment made to the GIA, signed by the surety.

The GIA "remains in full force and effect until terminated," by thirty days' written notice to ICW.  The district court also found that New Ollinger had never given written notice to ICW to terminate the GIA.

The district court found that the GIA applied to New Ollinger as the successor-in-interest to Old Ollinger, as it was the same company with a different name. The district court also found that ICW had made an uncontroverted showing that its recoverable losses incurred by New Ollinger's breach of its indemnity obligations under the GIA totaled $225,231.52. It granted summary judgment to ICW in this amount. We agree.

We have reviewed the record in this appeal, the briefs, and the arguments of counsel. Finding no error, we affirm the judgment of the district court.

AFFIRMED.